IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 10, 2005 Session

**M.D. v. R.L.H.**

**Appeal from the Juvenile Court for Anderson County**
**No. J-20395     Pat Hess, Judge**

---

**No. E2005-00324-COA-R3-PT - FILED NOVEMBER 22, 2005**

---

M.D. ("Mother") filed a petition seeking to terminate the parental rights of R.L.H. ("Father") to the parties' seven year old son. Following a hearing, the Juvenile Court held that grounds for terminating Father's parental rights had been established by clear and convincing evidence. However, the Juvenile Court made no factual findings or conclusions of law as to whether terminating Father's parental rights was in the best interest of the child. The judgment of the Juvenile Court is affirmed in part, vacated in part, and remanded for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the**
**Juvenile Court Affirmed in Part and Vacated in Part; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and SHARON G. LEE, J., joined.

Brennan P. Lenihan, Clinton, Tennessee, for the Appellant R.L.H.

Sam F. Lain, Oak Ridge, Tennessee, for the Appellee M.D.

# OPINION

## Background

This case involves the termination of Father's parental rights to his minor son who was born in November of 1998. In March of 2002, Mother filed a petition seeking to terminate Father's parental rights on the sole ground that Father was incarcerated under a sentence of ten or more years and the child was under the age of eight at the time the sentence was imposed. *See* Tenn. Code Ann. § 36-1-113(g)(6). A guardian *ad litem* was appointed on the child's behalf, and an attorney was appointed to represent Father after Father filed an affidavit of indigency which indicated, among other things, that he had been sentenced to ten years in prison sometime during 2000. The Juvenile Court later entered an order directing the Department of Correction to make Father available via telephone for the hearing on Mother's petition. Following the hearing, the Juvenile Court entered its order which stated:

> Upon reviewing the lengthy history of this case and upon testimony presented in court, the Court finds that the parental rights of [Father]… should be terminated and that based on Section 36-1-113, there are multiple grounds on which to grant the termination.… [Father] pleaded guilty in the Knox County Criminal Court on April 14, 2000, to the offense of aggravated sexual battery of a child under the age of 6 years. In addition to being guilty of abandonment, … [Father] committed severe child abuse as defined in Tennessee Code Annotated 37-1-102(b)(21)(c) and 39-13-504. The Court further finds that … [Father] was sentenced to ten (10) years confinement and is, at the date of the hearing, still serving that sentence.

Based on the foregoing, the Juvenile Court terminated Father's parental rights. Father now appeals. Father argues the Juvenile Court's factual findings were insufficient to support a conclusion that grounds for terminating his parental rights had been established by clear and convincing evidence. Father also claims the Juvenile Court erred in terminating his parental rights absent a finding by clear and convincing evidence that terminating his parental rights was in the child's best interests.

## Discussion

The factual findings of the Juvenile Court are accorded a presumption of correctness, and we will not overturn those factual findings unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). With respect to legal issues, our review is conducted "under a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts." *Southern Constructors, Inc. v. Loudon County Bd. Of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001). In *In re Adoption of T.A.M.*, No. M2003-02247-

COA-R3-PT, 2004 WL 1085228 (Tenn. Ct. App. May 12, 2004), *no appl. perm. appeal filed*, this Court observed that:

> Because of the heightened burden of proof required by Tenn. Code Ann. § 36-1-113(c), we must adapt Tenn. R. App. P. 13(d)'s customary standard of review for cases of this sort. First, we must review the trial court's specific findings of fact de novo in accordance with Tenn. R. App. P. 13(d). Thus, each of the trial court's specific factual findings will be presumed to be correct unless the evidence preponderates otherwise. Second, we must determine whether the facts, either as found by the trial court or as supported by the preponderance of the evidence, clearly and convincingly establish the grounds for terminating the biological parent's parental rights. *Jones v. Garrett*, 92 S.W.3d at 838; *In re Valentine*, 79 S.W.3d at 546; *Ray v. Ray*, 83 S.W.3d at 733; *In re L.S.W.*, No. M2000-01935-COA-R3-JV, 2001 WL 1013079, at *5 (Tenn. Ct. App. Sept. 6, 2001), *perm. app. denied* (Tenn. Dec. 27, 2001).

*In re Adoption of T.A.M.,* 2004 WL 1085228, at *3 (footnote omitted).

In *Dep't of Children's Servs. v. D.G.S.L.*, this Court discussed the relevant burden of proof in cases involving termination of parental rights. Specifically, we observed:

> It is well established that "parents have a fundamental right to the care, custody, and control of their children." *In re Drinnon*, 776 S.W.2d 96, 97 (Tenn. Ct. App. 1988) (citing *Stanley v. Illinois*, 405 U.S. 645, 92 S. Ct. 1208, 31 L. Ed. 2d 551 (1972)). "However, this right is not absolute and parental rights may be terminated if there is clear and convincing evidence justifying such termination under the applicable statute." *Id.* (citing *Santosky v. Kramer*, 455 U.S. 745, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982)).
>
> Termination of parental or guardianship rights must be based upon a finding by the court that: (1) the grounds for termination of parental or guardianship rights have been established by clear and convincing evidence; and (2) termination of the parent's or guardian's rights is in the best interests of the child. Tenn. Code Ann. § 36-1-113(c). Before a parent's rights can be terminated, it must be shown that the parent is unfit or substantial harm to the child will result if parental rights are not terminated. *In re Swanson*, 2 S.W.3d 180, 188 (Tenn. 1999); *In re M.W.A., Jr.*, 980 S.W.2d 620, 622 (Tenn. Ct. App. 1998). Similarly, before the court may inquire as to whether termination of parental rights is in the best interests of the

child, the court must first determine that the grounds for termination have been established by clear and convincing evidence. Tenn. Code Ann. § 36-1-113(c).…

*Dep't of Children's Servs. v. D.G.S.L.*, No. E2001-00742-COA-R3-JV, 2001 WL 1660838, at *6 (Tenn. Ct. App. Dec. 28, 2001), *no appl. perm. appeal filed.*

It is important to emphasize that the record on appeal contains one technical record and four exhibits which, when combined, comprise a grand total of twenty-two (22) pages. The record does not contain a transcript from the hearing.[1] Having said that, we now address Father's first issue regarding whether grounds for terminating his parental rights were established by clear and convincing evidence. Although not entirely clear from the record, it appears that the Juvenile Court terminated Father's parental rights on the three grounds set forth in Tenn. Code Ann. §§ 36-1-113(g)(1), (g)(4), and (g)(6), which permit parental rights to be terminated under the following circumstances:

(1) Abandonment by the parent or guardian, as defined in § 36-1-102, has occurred;

* * *

(4) The parent or guardian has been found to have committed severe child abuse as defined in § 37-1-102, under any prior order of a court or is found by the court hearing the petition to terminate parental rights or the petition for adoption to have committed severe child abuse against the child who is the subject of the petition or against any sibling or half-sibling of such child, or any other child residing temporarily or permanently in the home of such parent or guardian;

* * *

(6) The parent has been confined in a correctional or detention facility of any type, by order of the court as a result of a criminal act, under a sentence of ten (10) or more years, and the child is under eight (8) years of age at the time the sentence is entered by the court.…

Tenn. Code Ann. §§ 36-1-113(g)(1), (g)(4), and (g)(6).

---

[1] We note that Mother obtained new counsel to represent her on appeal and her new attorney apparently was unable to obtain a transcript of the hearing despite repeated attempts to do so.

Although the Juvenile Court found grounds existed to terminate Father's parental rights under each of these three sections, the only ground alleged by Mother in her petition to terminate parental rights was the ground set forth in § 36-1-113(g)(6). The record contains nothing showing that the petition ever was amended to allege any additional ground upon which to terminate Father's parental rights. Absent evidence showing that Father was properly apprised that these additional grounds for terminating his parental rights were at issue, we must vacate the Juvenile Court's judgment insofar as it terminates Father's parental rights pursuant to Tenn. Code Ann. §§ 36-1-113(g)(1) and (g)(4). *See In Re: W.B. IV*, No. M2004-00999-COA-R3-PT, 2005 WL 1021618 (Tenn. Ct. App. Apr. 29, 2005), *no appl. perm. appeal filed*, where we reversed a trial court's order terminating parental rights on grounds that had not been alleged in the complaint, stating:

> [W]e have reviewed the petition and find no allegation of a ground based on willful failure to support during the four months preceding Father's incarceration. The petition specifically alleges only one ground: abandonment by willful failure to support or visit for the four month period immediately preceding the filing of the petition. This pleading limited the ruling to that ground because to find otherwise would place the parent at a disadvantage in preparing a defense. *See In re M.J.B.*, 140 S.W.3d 643, 651 (Tenn. Ct. App. 2004) (holding that because of the fundamental nature of parental rights, courts must take a very strict view of procedural omissions that could put a parent at a disadvantage in preparing for trial).

*In re: W.B. IV*, 2005 WL 1021618, at *10 (footnote omitted).

In cases involving termination of parental rights, Tenn. Code Ann. § 36-1-113(k) requires a trial court to enter an order making "specific findings of fact and conclusions of law within thirty (30) days of the conclusion of the hearing." This requirement facilitates "appellate review and promote[s] just and speedy resolution of appeals. When a lower court has failed to comply with Tenn. Code Ann. § 36-1-113(k), the appellate courts must remand the case with directions to prepare the required findings of fact and conclusions of law." *In re M.J.B. & M.W.S., Jr.*, 140 S.W.3d 643, 654 (Tenn. Ct. App. 2004)(citations omitted).

We now must decide whether the Juvenile Court complied with the requirements of Tenn. Code Ann. § 36-1-113(k) and, if so, whether there was clear and convincing evidence to terminate Father's parental rights pursuant to § 36-1-113(g)(6). The Juvenile Court's order admittedly is quite sparse. The Juvenile Court did, however, specifically find that Father "pleaded guilty in the Knox County Criminal Court on April 14, 2000, to the offense of aggravated sexual battery of a child under the age of 6 years … [and Father] was sentenced to ten (10) years confinement and is, at the date of the hearing, still serving that sentence." Although a trial court's factual findings and conclusions of law should be as detailed as possible, when terminating parental rights pursuant to § 36-1-113(g)(6) there are only two necessary findings relative to that statutory ground. Specifically, that the parent "has been confined in a correctional or detention facility of any

type, by order of the court as a result of a criminal act, under a sentence of ten (10) or more years," and that the child was "under eight (8) years of age at the time the sentence [was] entered by the court." Tenn. Code Ann. § 36-1-113(g)(6). Here, at the time of the hearing Father either was or was not serving a ten year prison sentence, and he readily admitted in his affidavit that he was. Likewise, the child either was or was not eight years old when Father's criminal sentence was imposed. Given that the child was born in November of 1998, he unquestionably was less than eight years old when Father was sentenced to ten years in prison on April 14, 2000. We believe the Juvenile Court's factual findings and conclusions of law were sufficient for purposes of Tenn. Code Ann. § 36-1-113(k) and that there was clear and convincing evidence presented to the Juvenile Court for Father's parental rights to be terminated pursuant to Tenn. Code Ann. § 36-1-113(g)(6). We, therefore, affirm the Juvenile Court's judgment insofar as it concluded that grounds had been proven by clear and convincing evidence to terminate Father's parental rights pursuant to § 36-1-113(g)(6).[2]

The next issue is whether Mother proved by clear and convincing evidence that it was in the child's best interest for Father's parental rights to be terminated. Father's assertion that the Juvenile Court's order is altogether silent as to what is in the child's best interest is correct. Lacking this necessary finding, we must vacate the Trial Court's judgment terminating Father's parental rights and remand this case to the Juvenile Court for detailed findings of fact and conclusions of law on whether terminating Father's parental rights is in the child's best interest.

In summary, we vacate the Juvenile Court's judgment that grounds existed for terminating Father's parental rights pursuant to Tenn. Code Ann. §§ 36-1-113(g)(1) and (g)(4). We affirm the Juvenile Courts's judgment insofar as it holds that grounds for terminating Father's parental rights pursuant to § 36-1-113(g)(6) were proven by clear and convincing evidence. We vacate the Trial Court's judgment terminating Father's parental rights, and this case is remanded to the Juvenile Court for detailed findings of fact and conclusions of law on whether terminating Father's parental rights is in the child's best interest.

---

[2] Because there are only two findings relevant to Tenn. Code Ann. § 36-1-113(g)(6), in the present case we are able to conclude there was clear and convincing evidence presented to the Juvenile Court on this particular ground, even in the absence of a transcript. This result likely would be different if parental rights had been terminated on another basis and there was no transcript or the record otherwise was not sufficiently complete to permit appellate review. *See, e.g., In re: Adoption of J.D.W.*, No. M2000-00151-COA-R3-CV, 2000 WL 1156628 (Tenn. Ct. App. Aug.16, 2000), *no appl. perm. appeal filed* (reversing the termination of a father's parental rights based on abandonment when an incomplete record and lack of a transcript prevented this Court from determining whether the evidence supported or preponderated against the trial court's findings).

## **Conclusion**

The judgment of the Juvenile Court is affirmed in part and vacated in part, and this cause is remanded to the Juvenile Court for further proceedings as necessary and consistent with this Opinion, and for collection of the costs below. Costs on appeal are taxed one-half against the Appellant R.L.H. and his surety, if any, and one-half against the Appellee M.D.

_____
D. MICHAEL SWINEY, JUDGE